UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RICHARD DAVET, | ) | CASE NO. 1:09 CV 284 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JAMES ROKAKIS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 6, 2009, pro se plaintiff Richard Davet filed this action against Cuyahoga County Treasurer James Rokakis. In the complaint, plaintiff alleges he was not properly served with the complaint in a foreclosure action pending in the Cuyahoga County Court of Common Pleas. He seeks declaratory, monetary and injunctive relief.

**Background**

Cuyahoga County Treasurer James Rokakis filed an action in the Cuyahoga County Court of Common Pleas on September 25, 2006 to foreclose on Mr. Davet's property located at 814-818 East 152 Street, Cleveland Ohio. A summons was issued on September 27, 2006 to Mr. Davet at 24800 Community Dr., Beachwood, Ohio 44122. The certified letter was returned "unclaimed" on October 25, 2006. A summons was sent by regular mail to the same address on November 13, 2006.

Nothing happened in the case for more than a year.  On April 11, 2007, Judge John D. Russo issued an Order to the plaintiff to show cause why the case should not be dismissed.  Mr. Rokakis filed a Motion for Extension of Time on May 1, 2007.  A second Show Cause Order was issued on March 3, 2008.  One month later, the court issued an order declaring the property to be vacant and abandoned.  The parties were given 20 days to object to the finding.  Mr. Rokakis was given another 60 days to complete service on May 30, 2008.  An application to perfect service by publication was filed in July 2008.  Mr. Davet states that no attempt was made to serve him at the building which is the subject of the foreclosure.  He claims it has been his office for 30 years.

Proof of Publication was filed on July 30, 2008.  A tax hearing was set for October 20, 2008 and the Magistrate issued a decision in favor of foreclosure.  The decision was mailed to Mr. Davet, and was returned on November 3, 2008 with the notation "unable to forward return to sender mail." (Compl. at 12.)  Nevertheless, on December 3, 2008, Judge Russo signed a judgment of foreclosure against the property.  An Order of Sale was issued to the Cuyahoga County Sheriff instructing that the property be placed for auction on February 9, 2009.  If not sold, it would be placed for sale a second time on February 23, 2009.  The property was not sold on either date.  It is not clear when Mr. Davet learned of the pending foreclosure action.  He did not enter an appearance or make any attempt to contest the judgment in the Court of Common Pleas.  Instead, he filed the within action in Federal Court on February 6, 2009, asking this court to stop the sale.

**Analysis**

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid

of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44. All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a pending state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 2220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). Furthermore, Mr. Davet has not attempted to raise his claims in the state court proceedings. There is no indication that the state court would not afford an adequate

opportunity for him to assert his defenses.

## Conclusion

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: March 23, 2009                  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.